IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIA CHRISTI REGIONAL )
MEDICAL CENTER, INC. *et al.*, )
)
   Plaintiffs, )
)
v. )
)
BLUE CROSS AND BLUE )
SHIELD OF KANSAS, INC., )   Case No. 04-1253-WEB
)   (Consolidated with
)     Case No. 04-1339-WEB)
   Defendant/Third Party Plaintiff )
)
v. )
)
INSURANCE MANAGEMENT )
ASSOCIATES OF KANSAS, INC. )
)
   Third Party Defendant. )
_____ )

**MEMORANDUM AND ORDER**

Before the Court are two motions by Plaintiffs: (1) Motion Pursuant to D.Kan. Rule 7.3(b)(1) to Extend Time to File Motion to Reconsider Memorandum and Oder Denying Plaintiffs' Motion to File Amended Complaint (Doc. 96); and (2) Plaintiffs' Motion to Reconsider Memorandum and Order Denying Plaintiffs' Motion to File Amended Complaint in Light of Recent Supreme Court Decision. (Doc. 97.) The Court also has reviewed Defendant's Opposition to Plaintiffs'

Motion for Leave to File Motion for Reconsideration (Doc. 100) and Plaintiffs' Reply Brief (Doc. 101).  Having carefully considered the submissions of the parties, and the authority cited therein, the Court is prepared to Rule on Plaintiffs' motion.

First, as a procedural matter, the Court will GRANT Plaintiff's motion for an extension of time to seek reconsideration (Doc. 96), in order to consider the application of the recent Supreme Court case cited by Plaintiff to the present case. The Court will therefore proceed to address the issues raised in Plaintiff's motion for reconsideration.

Plaintiffs' claims, Defendant's defenses, and the consolidation of the two distinct cases are summarized in the "Nature of the Case" section of the District Court's March 4, 2005, Order on Defendant's Motion to Dismiss.  (Doc. 25 at 1-2.) Additional facts relevant to Plaintiffs' underlying Motion to File Amended Complaint (Doc. 77) are contained in the Court's March 28, 2006 Order denying Plaintiffs' Motion to Amend Complaint.[1]  (Doc. 94.)   Those summaries will not be repeated here, but are incorporated by reference.

Plaintiffs bring the present motion in light of the recent United States

---

[1] The Court denied Plaintiffs' Motion to Amend, holding that Plaintiffs' proposed claim requested compensatory damages rather than the equitable relief available under ERISA.

Supreme Court decision in *Sereboff, et ux. v. Mid Atlantic Medical Services, Inc*., 547 U.S. ____, 126 S.Ct. 1869, ___ L.Ed.2d ___ (2006), which clarified its prior decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).  In denying Plaintiffs' underlying Motion to Amend, this Court was "bound" by the *Great-West Life* decision, while acknowledging the majority's reasoning "may seem overly technical and strained." (Doc. 94 at 13.)  Plaintiffs now contend that "[u]nder the Court's reasoning in *Sereboff,* plaintiff's proposed claim in the case at bar under ERISA §502(a)(3) may proceed."  (Doc. 97 at 2.)  Defendant counters that "the equitable remedy requirement" of the *Great-West Life* decision "still exists after *Sereboff* and continues to preclude Plaintiffs from successfully amending their Complaint." (Doc. 100 at 2.)

In requesting reconsideration of the prior Memorandum and Order, Plaintiffs rely on the following passage from *Sereboff*:

> ERISA provides for equitable remedies *to enforce plan terms*, so the fact that the action involved a breach of contract can hardly be enough to prove relief is not equitable; that would make §502(a)(3)(B)(ii) an empty promise.  This court in [*Great-West*] did not reject Great-West's suit out of hand because it alleged a breach of contract and sought money, but because Great-West did not seek to recover a particular fund from the defendant. Mid Atlantic does.

3

547 U.S. at ___, 126 S.Ct. at 1874.  (Emphasis in original.)  The Court agrees with the distinction drawn between the relief sought in *Great-West Life* and that sought in *Sereboff*.  Contrary to Plaintiffs' arguments, however, the case at bar is more analogous to *Great-West Life* than *Sereboff*.

Subsequent to *Sereboff*, the Fourth Circuit very recently addressed the issue of legal versus equitable relief in the context of ERISA.  *See **LaRue v. DeWolff, Boberg & Assoc., Inc., et al.**,* ___F.3d ___, No. 05-1756, 2006 WL 1668873 (4th Cir. June 19, 2006).  In *LaRue*, the Fourth Circuit held that

> Plaintiff does not allege that funds owed to him are in defendants' possession, but instead that **these funds never materialized at all**.  He therefore gauges his recovery not by the value of defendants' nonexistent gain, but by the value of his own loss – a measure that is traditionally legal, not equitable.

*Id*. at *6 (emphasis added).

Plaintiffs contend that Defendant "is in possession and control of the funds it **would have been required to pay the Plan had the Stop Loss Policy issued by BCBS not been cancelled** based on the erroneous information provided by BCBS."  (Doc. 88 at 3.) (Emphasis added.)  This is, however, nothing more than a conclusory allegation, unsupported by facts.  The Court does not dispute that the funds "would have been paid" to Plaintiffs by Defendant had the policy not been

cancelled. The fact remains, however, that the policy *was* cancelled and, therefore, the policy proceeds do not exist as an identifiable, independently existing fund wrongly possessed by Defendant. In other words, the funds at issue "never materialized at all." As such, Plaintiffs are not seeking restitution of "particular funds or property in the defendant's possession." ***Great-West Life***, 534 U.S. at 214. Rather, they are seeking the value of their own loss, which is the classic form of legal relief. ***LaRue***, 2006 WL 1668873, at *6.

"[T]he absence of unjust possession is fatal to an equitable restitution claim." *Id*. at *5. This "impediment" to equitable recovery was not present in the ***Sereboff*** case. *Id*. It is, however, present here, just as it was in ***Great-West Life*** and ***LaRue*** – and it is "fatal" to Plaintiffs' proposed claim. *Id*. The Court, therefore, has no choice but to find that Plaintiffs' proposed claim is futile and DENY Plaintiffs' Motion to Reconsider.

**IT IS THEREFORE ORDERED** that Plaintiffs Motion Pursuant to D.Kan. Rule 7.3(b)(1) to Extend Time to File Motion to Reconsider Memorandum and Oder Denying Plaintiffs' Motion to File Amended Complaint (Doc. 96) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Reconsider Memorandum and Order Denying Plaintiffs' Motion to File Amended Complaint

5

in Light of Recent Supreme Court Decision (Doc. 97) is DENIED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 29th day of June, 2006.

                                                s/ Donald W. Bostwick
                                                DONALD W. BOSTWICK
                                                United States Magistrate Judge